IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRONSON MCCLELLAND | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:21-cv-00520 |
| | § | |
| KATY INDEPENDENT SCHOOL | § | |
| DISTRICT, et al | § | |
| | § | |
| Defendants. | § | |

**MOTON TO DISMISS of DEFENDANTS KATY INDEPENDENT SCHOOL DISTRICT, KENNETH GREGORSKI, JUSTIN GRAHAM, KATY INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT, HENRY GAW, ROBERT KEITH MEIER, KEN TABOR, STEPHANIE FULGENCIO, AND THE KISD BOARD OF TRUSTEES and SCHULTEA MOTION**

Christopher B. Gilbert
State Bar No. 00787535
Southern District No. 17283
Attorney-in-Charge

**THOMPSON & HORTON LLP**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
Telephone:    (713) 554-6744
Fax:            (713) 583-7698
cgilbert@thompsonhorton.com

Attorneys for the Katy ISD Defendants

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................. iii

I.  NATURE AND STAGE OF THE PROCEEDINGS  ....................................... 1

II.  STATEMENT OF ISSUES FOR MOTION TO DISMISS  ............................. 2

III.  STANDARD OF REVIEW ............................................................................. 2

IV.  SUMMARY OF THE ARGUMENT  .............................................................. 3

V.  ARGUMENT AND AUTHORITIES  .............................................................. 4

    A.  All claims against the Katy Independent School District Police Department and the KISD Board of Trustees must be dismissed, because those two entities are not separate legal entities capable of being sued by themselves .......... 4

    B.  All tort claims against the individual Katy ISD Defendants should be dismissed pursuant to the election of remedies provision of the Texas Tort Claims Act ........................................................................... 5

    C.  Sovereign immunity bars all state law tort claims against the District .................. 6

    D.  Plaintiff has failed to plead facts sufficient to support his procedural due process and/or equal protection claims, under federal or state law ........................ 7

        1.  Plaintiff cannot, as a matter of law, plead facts to show that the Defendants violated his right to due process under the federal or state constitution ........................................................................ 8

        2.  Plaintiff has failed to plead facts to show that the Defendants violated his right to equal protection of the law ........................................ 10

    E.  Plaintiff has failed to show that any alleged deprivation of his constitutional rights occurred pursuant to official Katy ISD policy or firmly entrenched custom tolerating misconduct, as required for municipal liability under *Monell* ................................................................................ 11

    F.  "Spoliation" is not a valid civil cause of action under Texas law ........................ 15

    G.  The District is immune from Plaintiff's claim for "declaratory relief" ................ 16

    H.  The Petition's breach of contract claims are barred by governmental immunity and do not state a plausible claim for relief.......................................... 17

1.      Immunity bars all contract claims that are not based on a written agreement for the provision of goods or services to a governmental entity ................................................................................................18

2.      There is no contractual relationship between Plaintiff, the District, or any of the Defendants ...........................................................................19

VI.     SCHULTEA MOTION .............................................................................23

VII.    CONCLUSION AND PRAYER ...............................................................25

## <u>TABLE OF AUTHORITIES</u>

**Page**

*Ahmed v. Tex. Tech Univ. Health Sci. Ct. Sch. of Med.*,
    2013 WL 265076 (Tex. App.—Amarillo Jan. 23, 2013, no pet.) ....................................17

*ARV Offshore Co., Ltd. v. Con-Dive, L.L.C.*, 514 F. App'x 524 (5th Cir. 2013) ...................19, 20

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009) .....................................................................3

*Ayala v. Omogbehin*, 2016 WL 7374224 (S.D. Tex. Dec. 20, 2016) ................................................4

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) ..................................................................................13

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1988) ...................................................3

*Barr v. Bernhard*, 562 S.W.2d 844 (Tex. 1978).........................................................................6, 7

*Bauer v. Texas*, 341 F.3d 352 (5th Cir. 2003)..................................................................................7

*Bd. of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397 (1997).............................14

*Beavers v. Metropolitan Life Ins., Co.*, 566 F.3d 436 (5th Cir. 2009).............................................3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...........................................................................3

*Bennett v. City of Slidell,* 728 F.2d 762 (5th Cir. 1984) ................................................................12

*Bernard Johnson, Inc. v. Cont'l Constructors, Inc.*, 630 S.W.2d 365
    (Tex.App.—Austin 1982, writ ref'd n.r.e.)..........................................................................22

*BHP Petroleum Co. v. Millard,* 800 S.W.2d 838 (Tex. 1990) .......................................................16

*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995)............................................................3

*Board of County Comm'rs of Bryan County, Okl. v. Brown,* 520 U.S. 397,
    117 S. Ct. 1382 (1997)........................................................................................................11

*Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S. Ct. 2701 (1972).........................8

*Brodeur v. Claremont Sch. Dist.*, 626 F. Supp. 2d 195 (D. N.H. 2009) .......................................20

*Brown v. Houston Indep. Sch. Dist.*, 763 F. Supp. 905 (S.D. Tex. 1991),
    *aff'd*, 957 F.2d 866 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 198 (1992) .........................12

*Brown v. Muhlenberg Twp.*, 269 F.3d 205 (3d Cir. 2001)............................................................13

## **TABLE OF AUTHORITIES** (cont.)

**Page**

*Bustos v. Martini Club,* 599 F.3d 458 (5th Cir. 2010) ....................................................5

*Causey v. Sewell Cadillac-Chevrolet*, 394 F.3d 285 (5th Cir. 2004) ...........................21

*Cheathon v. Brinkley*, 822 F. Supp. 1241 (M.D. La. 1993) ........................................10

*City of Canton v. Harris*, 489 U.S. 378 (1989) ...........................................................14

*City of Houston v. Piotrowski*, 237 F.3d 567 (5th Cir. 2001) ......................................14

*Collins v. City of Harker Heights, Texas,* 112 S. Ct. 1061 (1992) ..........................11, 12

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000) .........................21

*Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350 (2011) ........................................14

*Cox v. Galena Park Indep. Sch. Dist.*, 895 S.W.2d 745
    (Tex. App.-Corpus Christi 1994, no writ) ............................................................7

*Darby v. Pasadena Police Dept.,* 939 F.2d 311 (5th Cir. 1991) ....................................4

*Deyo v. Tomball Indep. Sch. Dist.*, 144 F. Supp. 3d 905 (S.D. Tex. 2015) ...................9

*Doe v. Hillsboro Indep. Sch. Dist.,* 113 F.3d 1412 (5th Cir. 1997) ..............................11

*Doe v. Petaluma City Sch. Dist.*, 830 F. Supp. 1560 (N.D. Cal. 1993) .........................4

*Eckhardt v. Qualitest Pharm. Inc*., 858 F. Supp. 2d 792 (S.D. Tex. 2012),
    *aff'd*, 751 F.3d 674 (5th Cir. 2014) ...................................................................16

*Eiland v. Wolf*, 764 S.W.2d 827 (Tex. App.—Houston [1st Dist.] 1989, writ denied) ...........20, 21

*El Paso Educ. Initiative, Inc. v. Amex Properties, LLC*, 602 S.W.3d 521 (Tex. 2020) ................18

*Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985) .....................................................23, 24

*Esparza v. Bd. of Trustees,* No. 98-50907, 1999 WL 423109
    (5th Cir. June 4, 1999) ........................................................................................9

*Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398 (5th Cir. 2015) ....................10, 13, 15

*Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993) ........................3

*Filarsky v. Delia*, 566 U.S. 377, 132 S.Ct. 1657 (2012) ...............................................7

**TABLE OF AUTHORITIES (cont.)**

**Page**

*Franka v. Velasquez,* 332 S.W.3d 367 (Tex. 2011).................................................................5, 6

*Galveston Indep. Sch. Dist. v. Clear Lake Rehab. Hosp., L.L.C.*,
    324 S.W.3d 802 (Tex. App.—Houston [14th Dist.] 2010, no pet.)...................................17

*Gold v. City of Miami,* 151 F.3d 1346 (11th Cir. 1998) ....................................................13

*Gonzales v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745 (5th Cir. 1993) ..............................12

*Goss v. Lopez*, 419 U.S. 565 (1975) ...................................................................................8

*Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685 (5th Cir. 2011)..........8

*Hawks v. City of Pontiac*, 874 F.2d 347 (6th Cir. 1989).................................................10

*Hicks v. Parker*, 349 Fed.Appx. 869 (5th Cir. 2009).....................................................21

*Hopkins v. Spring Indep. Sch. Dist.*, 736 S.W.2d 617 (Tex. 1987) ..................................6

*In re Baker Hughes Securities Litigation*, 136 F.Supp.2d 630 (S.D. Tex. 2001) ............2

*In re Capco Energy, Inc.*, 669 F.3d 274 (5th Cir. 2012)..................................................19

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
    761 F. Supp. 2d 504 (S.D. Tex. 2011) ........................................................................16

*Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*,
    995 F. Supp. 2d 587 (N.D. Tex. 2014) ........................................................................22

*Jathanna v. Spring Branch Indep. Sch. Dist.*, 2012 WL 6096675
    (S.D. Tex. Dec. 7, 2012) ...............................................................................................4

*Jett v. Dallas Indep. Sch. Dist.,* 7 F.3d 1241 (5th Cir. 1993).........................................12

*Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997)......................................................10

*Kadish v. Pennington Assocs., L.P.*, 948 S.W.2d 301
    (Tex. App.--Houston [1st Dist.]  1995, no pet.)...........................................................16

*Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829 (Tex. 2010) .................19

*Klein & Assocs. Political Relations v. Port Arthur Indep. Sch. Dist.*,
    92 S.W.3d 889 (Tex. App.--Beaumont 2002, rev. denied)............................................7

## **TABLE OF AUTHORITIES** (cont.)

**Page**

*Langley v. Monroe County Sch. Dist.,* No. 07-60326,
2008 WL 276084 (5th Cir. Jan. 31, 2008) ........................................................8

*LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49 (Tex. 1992) ................6

*Lewis v. Bank of Am. NA*, 343 F.3d 540 (5th Cir. 2003)................................................22

*Lopez v. Houston Indep. Sch. Dist.*, 817 F.2d 351 (5th Cir. 1987) ................................23

*Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653 (Tex. 2008) ...........5, 6, 7

*Mission Grove, L.P. v. Hall*, 503 S.W.3d 546
(Tex. App.—Houston [14th Dist.] 2016, no pet.) ............................................22

*Molina v. Alvarado*, 463 S.W.3d 867 (Tex. 2015) ........................................................5

*Monell v. City of New York*, 98 S. Ct. 2018 (1978) ...........................................4, 11, 12

*Neel v. Tenet HealthSystem Hosps. Dallas, Inc.*, 378 S.W.3d 597
(Tex. App.—Dallas 2012, rev. denied)..............................................................23

*Nevares v. San Marcos Consol. Indep. Sch. Dist*., 111 F.3d 25 (5th Cir. 1997) .........3, 8

*Northwest Indep. Sch. Dist., v. K.R. and B.R., on behalf of C.R.*,
2020 WL 4907331 (Tex.App.—Fort Worth 2020).......................................9, 10

*Owen v. City of Independence*, 445 U.S. 622, 100 S. Ct. 1398 (1980).........................12

*Pineda v. City of Houston*, 291 F.3d 325 (5th Cir. 2002) .............................................14

*Reyes v. Sazan*, 168 F.3d 158 (5th Cir. 1999)...............................................................24

*Rubio v. Turner Unified School Dist. No. 202*, 453 F.Supp.2d 1295 (D.Kan. 2006) ......4

*Ruvalcaba v. Angleton Independent School District*, 2019 WL 2996536
(S.D. Tex. June 6, 2019) ...................................................................................11

*S.N.B. v. Pearland Indep. Sch. Dist.*, 120 F.Supp.3d 620 (S.D. Tex. 2014)...................9

*San Antonio River Auth. v. Austin Bridge & Rd., L.P.*, 581 S.W.3d 245
(Tex. App.—San Antonio 2017), *aff'd,* 601 S.W.3d 616 (Tex. 2020) ........18, 19

*Sanchez v. Friendswood Indep. Sch. Dist.,* No. 97-40395, 1997 WL 811615
(5th Cir. Dec.9, 1997) .........................................................................................9

## **TABLE OF AUTHORITIES** (cont.)

Page

*Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995)......................................................23, 24

*Segal v. City of New York*, 459 F.3d 207 (2d Cir. 2006) ...............................................13

*Smith v. Barnhart*, 576 S.W.3d 407
      (Tex. App.—Houston [1st Dist.] 2019, no pet.) ...............................................19

*Southwell v. Univ. of Incarnate Word*, 974 S.W.2d 351
      (Tex. App.—San Antonio 1998, rev. denied)...................................................20

*Spiller v. City of Texas City*, 130 F.3d 162 (5th Cir. 1997) ...........................................12

*Spring Branch Indep. Sch. Dist. v. Stamos*, 695 S.W.2d 556 (Tex. 1985) .....................9

*Stafford Municipal Sch. Dist. v. L.P.*, 64 S.W.3d 559
      (Tex.App.--Houston [14th Dist.] 2001, n.w.h.) .................................................9

*Stephens v. Trinity ISD*, 2012 WL 5289346 (Tex.App.—Tyler 2012, no pet.)...............10

*Sutherlin v. Indep. Sch. Dist. No. 40 of Nowata Cty., Okla.*,
      960 F. Supp. 2d 1254 (N.D. Okla. 2013)..........................................................20

*Swindle v. Livingston Parish School Bd.*, 655 F.3d 386 (5th Cir. 2011) .........................8

*T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218 (Tex. 1992)..............20

*Tex. Adjutant Gen.'s Office v. Ngakoue (TAGO),* 408 S.W.3d 350 (Tex. 2013).........5, 6

*Tex. Dep't of Pub. Safety v. Salazar*, 304 S.W.3d 896
      (Tex. App.—Austin 2009, no pet.) ...................................................................17

*Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618 (Tex. 2011) ......................................17

*Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384 (Tex. 2011)................17

*Texas Liquor Control Bd. v. Canyon Creek Land Corp.*,
      456 S.W.2d 891 (Tex. 1970)............................................................................16

*Thomas v. Roberts*, 261 F.3d 1160 (11th Cir. 2001), *vacated and remanded
      for reconsideration*, 536 U.S. 953, *aff'd and reinstated*, 323 F.3d 950
      (11th Cir. 2003)................................................................................................13

*Tobias v. Univ. of Texas at Arlington*, 824 S.W.2d 201
      (Tex. App.—Fort Worth 1991, writ denied).....................................................21

**<u>TABLE OF AUTHORITIES</u> (cont.)**

**Page**

*Trevino v. Ortega*, 969 S.W.2d 950 (Tex. 1998) ...................................................................15, 16

*Trinity Universal Ins. Co. v. Sweatt*, 978 S.W.2d 267
    (Tex. App.—Fort Worth 1998)...........................................................................................16

*Univ. of Tex. Health Science Center at Houston v. Crowder,* 349 S.W.3d 640
    (Tex. App.—Houston [14th Dist.] 2011)............................................................................6

*Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926 (Tex. 1995) ..................................9

*Walch v. Adjutant General's Dept. of Texas*, 533 F.3d 289 (5th Cir. 2008) .................................21

*Ward v. Prop. Tax Valuation, Inc.,* 847 S.W.2d 298
    (Tex.App.-Dallas 1992, writ denied) ................................................................................23

*Webster v. City of Houston*, 735 F.2d 838 (5th Cir. 1984) ...........................................................15

*Willis v. Donnelly,* 199 S.W.3d 262 (Tex. 2006).........................................................................23

*Worsham v. City of Pasadena*, 881 F.2d 1336 (5th Cir. 1989)....................................................12

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRONSON MCCLELLAND | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:21-cv-00520 |
| | § | |
| KATY INDEPENDENT SCHOOL | § | |
| DISTRICT, et al | § | |
| | § | |
| Defendants. | § | |

**MOTON TO DISMISS of DEFENDANTS KATY INDEPENDENT SCHOOL DISTRICT, KENNETH GREGORSKI, JUSTIN GRAHAM, KATY INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT, HENRY GAW, ROBERT KEITH MEIER, KEN TABOR, STEPHANIE FULGENCIO, AND THE KISD BOARD OF TRUSTEES and SCHULTEA MOTION**

Defendants Katy Independent School District ("Katy ISD" or the "District"), Kenneth Gregorski, Justin Graham, Henry Gaw, Robert Keith Meier, Ken Tabor, Stephanie Fulgencio (in their individual and official capacities), Katy ISD Police Department, and the KISD Board of Trustees (hereinafter the "Katy ISD Defendants"), file this Motion to Dismiss and Schultea Motion, as follows:

## I.  NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Bronson McClelland was a senior at Katy High School in Defendant Katy ISD during the 2020-2021 school year, when he was removed to the District's Disciplinary Alternative Education Program ("DAEP") for being in possession of marijuana in his car on school property. (Petition, ¶ 20.)  Possession of marijuana on school property results in a mandatory DAEP placement under Chapter 37 of the Texas Education Code. *See* TEX. EDUC. CODE § 37.006(a)(2)(C)(i).  Plaintiff has filed three state court lawsuits over the events that led to his discipline and his subsequent appeal of that discipline, the second of which was removed to federal court. In this lawsuit, McClelland claims that his removal to the DAEP violated his due process

and equal protection rights under Section 1983 (Petition, ¶ 32), and his due course of law rights under Article I, Sec. 19 of the Texas Constitution (*id*. at ¶ 36); asserts a claim for "spoliation" (*id*. at ¶ 40) and a claim for "declaratory relief" (*id*. at ¶ 43); and asserts three breach of contract claims (*id*. at ¶ 45); and a claim for civil conspiracy (*id*. at ¶ 50).  The Katy ISD Defendants now move to dismiss all claims against them.[1]

## II.     STATEMENT OF ISSUES for MOTON TO DISMISS

A.     Whether the claims against the Katy Independent School District Police Department and the KISD Board of Trustees should be dismissed, because those two entities are not separate legal entities capable of being sued by themselves.

B.     Whether any tort claims against Defendants Gregorski, Graham, Gaw, Meier, Tabor, and Fulgencio should be dismissed pursuant to the election of remedies provision of the Texas Tort Claims Act.

C.     Whether sovereign immunity bars Plaintiff's state law tort claim against the District.

D.     Whether Plaintiff has alleged facts sufficient to show that the District violated his due process rights or equal protection rights, under federal or state law.

E.     Whether Plaintiff has alleged facts to show that any alleged constitutional violations were committed pursuant to official Katy ISD policy or firmly entrenched custom tolerating misconduct, as required for municipal liability under *Monell*.

F.     Whether "spoliation" can support a valid civil cause of action.

G.     Whether the District is immune from Plaintiff's claim for "declaratory relief".

H.     Whether Plaintiff's breach of contract claims are barred by governmental immunity and do not state plausible claims for relief.

## III.     STANDARD OF REVIEW

Dismissal of a lawsuit on the pleadings is proper where there is either (1) lack of a cognizable theory of recovery or (2) the absence of sufficient facts alleged under a cognizable legal theory.  *In re Baker Hughes Securities Litigation*, 136 F.Supp.2d 630, 636 (S.D. Tex. 2001) (citing

---

[1] Plaintiff has agreed to consolidate all three state court lawsuits into this federal court lawsuit, by filing an amended complaint in this lawsuit by April 11, 2021. (*See* Dkt. 7.)  The Katy ISD Defendants do not oppose the filing of said amended complaint, but file this Motion to Dismiss now to raise various issues that they believe should be addressed in any subsequent pleadings in this case.

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).   While the Court must accept the plaintiff's factual allegations as true, the factual allegations must exist: "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting 2A *Moore's Federal Practice* § 12.07 [2.-5] at 12-91).   In addition, what must be alleged are facts: "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Beavers v. Metropolitan Life Ins., Co*., 566 F.3d 436, 439 (5th Cir. 2009) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).   A court considering a motion to dismiss may choose to begin by identifying pleadings that are not entitled to the assumption of truth because they are no more than conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1940 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

## IV.    SUMMARY OF THE ARGUMENT

Plaintiff seeks to turn a fairly straightforward school disciplinary placement for possession of marijuana into a morass of federal and state law civil claims, based on a number of criminal law theories that ultimately have no place in a school discipline matter.   He has sued entities (like the Katy ISD Police Department and the KISD Board of Trustees) that are not legal entities subject to suit separate and apart from the District itself, and he has asserted claims for theories such as "spoliation," that do not support civil causes of action.   This Motion focuses more on the legal deficiencies in Plaintiff's case, such as the fact that sovereign immunity bars Plaintiff's conspiracy claim against the District, and the election of remedies provision of the Texas Tort Claims Act bars any conspiracy claims against the individual Defendants; Plaintiff is not entitled to due process under *Nevares v. San Marcos Consol. Indep. Sch. Dist*., 111 F.3d 25 (5th Cir. 1997) with respect to a DAEP placement; and Plaintiff cannot show that any alleged constitutional violations were committed pursuant to official Katy ISD policy or firmly entrenched custom tolerating

misconduct, as required for municipal liability under *Monell v. City of New York*, 98 S. Ct. 2018 (1978).  Lastly, the Defendants are immune from any claim for "declaratory relief" or breach of contract, and Plaintiff has failed to allege any actual contracts that may have been breached.

## V.    ARGUMENTS AND AUTHORITIES

**A.    All claims against the Katy Independent School District Police Department and the KISD Board of Trustees must be dismissed, because those two entities are not separate legal entities capable of being sued by themselves.**

In his Petition, Plaintiff asserts claims against the Katy Independent School District Police Department, and the KISD Board of Trustees, as named Defendants in addition to the Katy Independent School District.  However, neither the Police Department nor the Board of Trustees is a legal entity separate and apart from the Katy Independent School District, and they are therefore not capable of being sued by themselves.  *See Ayala v. Omogbehin*, 2016 WL 7374224, at *2 (S.D. Tex. Dec. 20, 2016) ("Because Plaintiffs have sued H[ouston] ISD, the proper Defendant, the Board's continued presence is redundant and improper."); *Jathanna v. Spring Branch Indep. Sch. Dist.*, 2012 WL 6096675, at *4 (S.D. Tex. Dec. 7, 2012) (school board and school police department not separate entities from the school district itself);  *Darby v. Pasadena Police Dept.,* 939 F.2d 311, 313 (5th Cir. 1991) (police departments are not legal entities subject to suit, separate and apart from the government entity that created them); *Rubio v. Turner Unified School Dist. No. 202*, 453 F.Supp.2d 1295, 1300-01 (D.Kan. 2006) (school boards are not separate entities from a school district, for purpose of lawsuit);  *Doe v. Petaluma City Sch. Dist.*, 830 F. Supp. 1560, 1583 (N.D. Cal. 1993).  The District therefore requests that the Court dismiss the "Katy Independent School District Police Department" and the "KISD Board of Trustees", as named Defendants separate and apart from the Katy Independent School District.

**B.      All tort claims against the individual Katy ISD Defendants should be dismissed pursuant to the election of remedies provision of the Texas Tort Claims Act.**

The Texas Tort Claims Act ("TTCA") provides the exclusive means by which a plaintiff

may, in certain limited circumstances, bring tort claims against a governmental unit in Texas.  *See*

TEX. CIV. PRAC. & REM. CODE § 101.021; *see also Mission Consol. Indep. Sch. Dist. v. Garcia,*

253 S.W.3d 653, 659 (Tex. 2008).  The TTCA contains an election of remedies provision:

> The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter . . . if a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

TEX. CIV. PRAC. & REM. CODE §§ 101.106(a), (e).  By requiring the plaintiff to make an irrevocable

election to either sue the government or the employee individually, the TTCA "narrows the issues

for trial and reduces delay and duplicative litigation costs." *Mission Consolidated,* 253 S.W.3d at

657.  Notably, "all tort theories alleged against a governmental unit, whether it is sued alone or

together with its employees, are assumed to be under the Tort Claims Act for purposes of section

101.106." *Id.* at 659 (internal citations omitted).  This includes claims for which the TTCA does

*not* waive immunity—including intentional torts—even if the plaintiff does not invoke or refer to

the TTCA in his pleading.  *See, e.g., Bustos v. Martini Club,* 599 F.3d 458, 463 (5th Cir. 2010).

The TTCA "encourages, and in effect mandates, plaintiffs to pursue lawsuits against the

governmental units rather than their employees." *Tex. Adjutant Gen.'s Office v. Ngakoue (TAGO),*

408 S.W.3d 350, 350 (Tex. 2013).  Consequently, if a governmental employee is named in his

official capacity or sued for acts allegedly committed in the general scope of his employment, then

the tort claims have been effectively asserted against the governmental entity and the individual

employee must be dismissed upon motion by the governmental entity.  *Molina v. Alvarado*, 463

S.W.3d 867, 870-71 (Tex. 2015); *Franka v. Velasquez,* 332 S.W.3d 367, 382 (Tex. 2011); *TAGO*,

408 S.W.3d at 357 (holding that claims based on conduct within the scope of employment is not a suit against the employee; it is "in all but name only, a suit against the governmental unit.").

In sum, immediate dismissal of an individual defendant is required under the TTCA if:

   a. The defendant constitutes an "employee" of a governmental unit under the statute;
   b. The plaintiff has asserted any common law tort claims against the governmental employee; and
   c. The plaintiff has asserted tort claims—or could have asserted tort claims—against the governmental unit arising from the same subject matter (irrespective of whether the plaintiff actually asserted such claims against the governmental unit or whether the claims would be viable against the governmental unit).

*See Franka,* 332 S.W.3d at 378; *accord Univ. of Tex. Health Science Center at Houston v. Crowder,* 349 S.W.3d 640, 648-49 (Tex. App.—Houston [14th Dist.] 2011).  Plaintiff admits that Defendants Gregorski, Graham, Gaw, Meier, Tabor, and Fulgencio are "employees" of Katy ISD. (*See* Petition, ¶¶ 4, 5, 8-11.)  It is also indisputable that Plaintiff has asserted the tort claim for conspiracy against the District and all of the KISD employees.  (*See* Petition, ¶ 50.) As such, the District's motion to dismiss Gregorski, Graham, Gaw, Meier, Tabor, and Fulgencio should be immediately granted pursuant to § 101.106(e) of the Texas Civil Practices and Remedies code, and the conspiracy claim against Defendants Gregorski, Graham, Gaw, Meier, Tabor, and Fulgencio should be dismissed with prejudice.

**C.**   **Sovereign immunity bars all state law tort claims against the District.**

The District is immune from the conspiracy claim asserted by Plaintiff. Texas school districts retain their sovereign/governmental immunity from all common law claims unless the Texas Legislature has expressly waived immunity in a specific statute.  *See Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 655 (Tex. 2008); *see also Barr v. Bernhard*, 562 S.W.2d 844, 846 (Tex. 1978); *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49 (Tex. 1992); *Hopkins v. Spring Indep. Sch. Dist.*, 736 S.W.2d 617 (Tex. 1987).  Under the Tort Claims Act, the

*only* permissible tort claim against a *school district* is a claim based on misuse of a motor vehicle.

*See* TEX. CIV. PRAC. & REM. CODE § 101.051.  The Texas Supreme Court has noted:

> The Act generally waives governmental immunity to the extent that liability arises from the "use of a motor-driven vehicle or motor-driven equipment" or from "a condition or use of tangible personal or real property." *Id.* § 101.021.  For school districts, the Act's waiver is even narrower, encompassing only tort claims involving the use or operation of motor vehicles.  *Id.* § 101.051.

*Mission Consolidated*, 253 S.W.3d at 655-56; *see also Barr*, 562 S.W.2d at 846 ("With respect to the liability of a school district, however, the Legislature provided for a more limited waiver of immunity.  Section 19A [now § 101.051] of the Act states that a school district's liability is limited to causes of action arising from the use of motor vehicles.").

Texas school districts are immune from state tort conspiracy claims.  *See Klein & Assocs. Political Relations v. Port Arthur Indep. Sch. Dist.*, 92 S.W.3d 889, 896 (Tex. App.--Beaumont 2002, rev. denied); *Cox v. Galena Park Indep. Sch. Dist.*, 895 S.W.2d 745, 748 (Tex. App.-Corpus Christi 1994, no writ).   Because the Plaintiff has not stated a tort claim for which immunity has been waived, Katy ISD moves to dismiss Plaintiff's conspiracy claim.

**D.      Plaintiff has failed to plead facts sufficient to support his procedural due process and/or equal protection claims, under federal or state law.**

"Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law."  *Filarsky v. Delia*, 566 U.S. 377, 132 S.Ct. 1657, 1661 (2012).  The statute is not itself a source of substantive rights; rather, it provides a vehicle for vindicating otherwise conferred federal rights.  *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003).  Plaintiff here seeks to redress alleged violations of his rights to procedural due process and equal protection.  (Petition, ¶ 32.)

1.    **Plaintiff cannot, as a matter of law, plead facts to show that the Defendants violated his right to due process under the federal or state constitution.**

Plaintiff alleges that his referral to the Katy ISD DAEP violated his right to procedural due process under both federal law and the Texas Constitution.  (Petition, ¶¶ 32, 36-37.)  In *Goss v. Lopez*, 419 U.S. 565 (1975), the Supreme Court held that a student has a constitutionally protected property interest in continued receipt of education when the state creates a public school system and requires children to attend.  However, in delineating the parameters of those protections, the Fifth Circuit "has consistently held that a student who is removed from [his] regular public school but is given access to an alternative education program, has not been denied [his] entitlement to public education."  *Swindle v. Livingston Parish School Bd.*, 655 F.3d 386, 394 (5th Cir. 2011) (citing *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011)).  Indeed, it is only the absolute denial of access to education that raises due process concerns.  *Goss*, 419 U.S.  at 581 (requiring notice of charges and opportunity to be heard when punishment could result in a "total exclusion from the educational process for more than a trivial period").

With regards to Plaintiff's placement in the DAEP, the Fifth Circuit has held that students are not entitled to due process when being referred to a DAEP.  In *Nevares v. San Marcos Consol. Indep. Sch. Dist.*, 111 F.3d 25 (5th Cir. 1997), the Fifth Circuit held that students do not have a protected right to a specific curriculum or to placement at a particular school, and that therefore an assignment to an alternative education program does not deprive a student of any protected property rights or liberty interests.  *Id.* at 26-27.  Because due process is only required where property rights or liberty interests have been deprived, *see Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-70, 92 S. Ct. 2701, 2705 (1972), a referral to a DAEP does not deprive a student of due process.[2]

---

[2] In a series of unpublished opinions, the Fifth Circuit has consistently applied *Nevares* to find no deprivation of a property interest in education when students are removed, transferred, or expelled to another school with stricter discipline. *E.g., Langley v. Monroe County Sch. Dist.,* No. 07-60326, 2008 WL 276084 at *1 (5th Cir. Jan. 31, 2008);

In *S.N.B. v. Pearland Indep. Sch. Dist.*, 120 F.Supp.3d 620 (S.D. Tex. 2014), this Court affirmed that students are not entitled to due process when they are sent to a DAEP.  Student S.N.B. was sent to the DAEP for 30 days after her junior high school principals discovered that she sent what they termed a "lewd" image of a female friend to other students.  Referring to *Nevares*, the Court held that "S.B.'s procedural due process claims fail under Fifth Circuit precedent, which establishes that her transfer to the Alternative Learning Academy did not implicate her constitutional rights."  *Id*. at 628.  The Court also ruled that the DAEP placement did not violate the due course of law provision of the Texas Constitution:

> Although the words of the due process clauses in the Texas Constitution and United States Constitution differ, Texas courts have generally followed federal interpretations of procedural due process issues. *See Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995) ("[I]n matters of procedural due process, we have traditionally followed contemporary federal due process interpretations of procedural due process issues."); *see, e.g., Spring Branch Indep. Sch. Dist. v. Stamos*, 695 S.W.2d 556, 561 (Tex. 1985) (agreeing with federal due process interpretations that held that due process guarantees do not "extend to a student's desire to participate in school-sponsored extracurricular activities"). Accordingly, S.B. cannot show that Defendants' actions violated the Texas Constitution's procedural due process guarantees.

*Id*. at 628-29.  *See also Deyo v. Tomball Indep. Sch. Dist.*, 144 F. Supp. 3d 905, 914 (S.D. Tex. 2015) ("Because D.N. was permitted to serve his punishment in an alternative education program, he was not denied access to public education and, accordingly, his Fourteenth Amendment property interest in a free public education was not violated.")  Following *Nevares*, numerous Texas courts have also held that a referral to a DAEP does not deprive a student of due course of law under Article I, Sec. 19 of the Texas Constitution.  *See Stafford Municipal Sch. Dist. v. L.P.*, 64 S.W.3d 559, 562 & n.5 (Tex.App.--Houston [14th Dist.] 2001, n.w.h.); *Northwest Indep. Sch.*

---

*Esparza v. Bd. of Trustees,* No. 98-50907, 1999 WL 423109 at *4 (5th Cir. June 4, 1999); *Sanchez v. Friendswood Indep. Sch. Dist.,* No. 97-40395, 1997 WL 811615 at *1 (5th Cir. Dec.9, 1997).

*Dist., v. K.R. and B.R., on behalf of C.R.*, 2020 WL 4907331 at *4-*5 (Tex.App.—Fort Worth 2020); *Stephens v. Trinity ISD*, 2012 WL 5289346 at *3-*4 (Tex.App.—Tyler 2012, no pet.).

Lastly, it should also be noted that to the extent that Plaintiff was entitled to any form of process, he admits that he received a hearing in front of the high school principal, "where testimony was taken and the principal collected information from Katy High School, KISD PD and Plaintiff and his family." (Petition, ¶ 21.) When he and his family returned from California, "Plaintiff exercised his final administrative appeal rights in an effort to convince KISD to rescind the suspension and transfer." (*Id.* at ¶ 27.) While Plaintiff clearly did not like the results of his hearing process, it is axiomatic that due process guarantees a fair process, not specific results. *See, e.g., Hawks v. City of Pontiac*, 874 F.2d 347, 350 (6th Cir. 1989) ("Procedural due process requires not a certain outcome but rather state procedures to remedy legitimate grievances."); *Cheathon v. Brinkley*, 822 F. Supp. 1241, 1243 n.4 (M.D. La. 1993) ("Since our concern here is procedural due process, the ultimate outcome of the civil service proceedings does not concern us."). Plaintiff's due process and due course of law claims must be dismissed as a matter of law.

### 2.    Plaintiff has failed to plead facts to show that the Defendants violated his right to equal protection of the law.

Plaintiff also alleges that Defendants violated his equal protection rights. (Petition, ¶ 32.) To state an equal protection claim, Plaintiff must allege that he (1) "received different treatment from that received by similarly situated individuals and that (2) the unequal treatment stemmed from a discriminatory intent." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015) (internal quotations omitted). Disparate impact alone is not sufficient to state an Equal Protection claim. *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997). A claimant must allege facts to show that the decision maker singled out a particular group for disparate treatment and that purposeful discrimination motivated the state action that caused the plaintiff's injury. *Fennell*, 804 F.3d at 412; *Johnson*, 110 F.3d at 306. Here, there are no allegations that the decision

to discipline Plaintiff was motivated by his race, gender, or any other protected category, or that he was treated differently than other similarly situated individuals.  In fact, Plaintiff seems to be alleging that the District is "mistreating" all students by not properly testing substances found to determine the appropriate level of THC.  (*See* Petition, ¶¶ 27-30.)  Because there are no facts to support a claim that the decision to discipline Plaintiff was motived by his race or any other protected category, his equal protection claim fails as a matter of law.  *See Ruvalcaba v. Angleton Independent School District*, 2019 WL 2996536, at * 3 (S.D. Tex. June 6, 2019) (dismissing § 1983 equal protection claim because plaintiff failed to plead facts to show that principal's conduct was motivated by her gender).

**E.      Plaintiff has failed to show that any alleged deprivation of his constitutional rights occurred pursuant to official Katy ISD policy or firmly entrenched custom tolerating misconduct, as required for municipal liability under *Monell*.**

Even had Plaintiff adequately plead an underlying constitutional violation, he has not alleged facts to establish that the District is liable for those violations.  To succeed on his Section 1983 claim against the District, the Plaintiff must show that the District itself is liable for the violations. *See generally Collins v. City of Harker Heights, Texas,* 112 S. Ct. 1061, 1066 (1992). A school district cannot be held liable under 42 U.S.C. § 1983 for an injury inflicted by its employees based on a theory of vicarious liability or *respondeat superior* liability. *Board of County Comm'rs of Bryan County, Okl. v. Brown,* 520 U.S. 397, 402, 117 S. Ct. 1382, 1388 (1997); *Doe v. Hillsboro Indep. Sch. Dist.,* 113 F.3d 1412, 1416 (5th Cir. 1997) (en banc). The Supreme Court set forth its standard on municipal liability in *Monell v. City of New York*:

> We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell v. City of New York*, 98 S. Ct. 2018, 2037–38 (1978). *See also Owen v. City of Independence*, 445 U.S. 622, 633, 100 S. Ct. 1398, 1406 (1980).

In order to state a constitutional claim against a school district under Section 1983, then, a plaintiff must demonstrate that the constitutional violation occurred in accordance with official government policy or firmly entrenched custom. *Brown v. Houston Indep. Sch. Dist.*, 763 F. Supp. 905 (S.D. Tex. 1991), *aff'd*, 957 F.2d 866 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 198 (1992); *Worsham v. City of Pasadena*, 881 F.2d 1336 (5th Cir. 1989). The Fifth Circuit has noted that the plaintiff's description of the government's policy or custom and its relationship to the underlying constitutional violation cannot be conclusory, but must contain specific facts. *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997). A school district may be held liable only if the constitutional injury was caused by an official policy or custom promulgated by government officials who have final policy making authority. *Collins*, 503 U.S. at 120–21. Under Texas law, the final policy-making authority for an independent school district rests with the school district's board of trustees. *Jett v. Dallas Indep. Sch. Dist.,* 7 F.3d 1241, 1245 (5th Cir. 1993); *Gonzales v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 752 (5th Cir. 1993).

In his Petition, Plaintiff does not allege that the Katy ISD School Board had any involvement in what happened to him. Although he sues the Board as a separate entity, they are not mentioned factually outside of the parties section. Plaintiff does not allege that the Katy ISD Board of Trustees was involved in his discipline. He has not alleged that the Katy ISD Board of Trustees formally adopted any actual policies, regulations, bylaws, or ordinances that contributed to his alleged injuries. Nor has the Plaintiff alleged that the Board permitted "persistent and widespread practices" or "practices that are permanent and well settled and deeply embedded traditional ways of carrying out policy." *Bennett v. City of Slidell,* 728 F.2d 762, 768 (5th Cir. 1984). Absent such allegations, Plaintiff may not recover under this theory. Moreover, Plaintiff has not made any

effort to establish that the Board had actual or constructive knowledge of any improper custom or practice, as required to recover on a § 1983 allegation of persistent practices or custom. *Id*. at 862. The Amended Complaint does not contain any facts to show that the Board knew about or condoned the complained of behavior. *Fennell*, 804 F.3d at 413.

Plaintiff makes a few passing references to an alleged "failure to train" in his Petition. (*See, e.g.*, Petition, ¶ 50 ("KISD PD, acting by through and under MEIER, TABOR and GAW, failed to properly train and supervise their officers in how to handle the collection of evidence, including the need for and use of body cams, and evidence collection techniques.") "Failure to train" is not a separate cause of action under Section 1983, but is simply one method for proving entity liability for the violation of an independent constitutional right. *See, e.g.*, *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation.") While "[t]here are 'limited circumstances' in which a local government will be held liable because it inadequately trained or supervised its employees, who then infringed upon a plaintiff's constitutional rights," *Thomas v. Roberts*, 261 F.3d 1160, 1173 (11th Cir. 2001), *vacated and remanded for reconsideration*, 536 U.S. 953, *aff'd and reinstated*, 323 F.3d 950 (11th Cir. 2003) (citing *Gold v. City of Miami,* 151 F.3d 1346, 1350 (11th Cir. 1998)), the scope of "failure to train" liability is narrow. *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 215 (3d Cir. 2001). To make out a "failure to train" claim, the plaintiff must show three things:

    (1) the training or hiring procedures of the municipality's policymaker were inadequate;
    (2) the municipality's policymaker was deliberately indifferent in adopting the hiring or training policy, and
    (3) the inadequate hiring or training policy directly caused the plaintiff's injury.

*Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996).

In *City of Canton v. Harris*, 489 U.S. 378 (1989), the Supreme Court held that a "failure to train" plaintiff must show that the "need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390. The failure to train must be an intentional choice, not a mere oversight. *Id.* at 387. Plainly, even "adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable." *Id.* at 391. To show deliberate indifference, a plaintiff generally must demonstrate a "pattern of similar constitutional violations by untrained employees." *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1360 (2011). In the absence of previous violations, a plaintiff must show the alleged violation was a "highly predictable consequence" of a failure to train. *Bd. of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 398 (1997) (citing *Canton*, 489 U.S. at 390) ("[I]t may happen. . . that the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.").

When prior incidents are used to show a pattern, they "must have occurred for so long or so frequently that the course of conduct ***warrants the attribution to the governing body of knowledge*** that the objectionable conduct is the expected, accepted practice of city employees." *City of Houston v. Piotrowski*, 237 F.3d 567, 579 (5th Cir. 2001) (emphasis added). Here, the Plaintiff has not pointed to any similar incidents or conduct by Katy ISD staff that have occurred for so long or so frequently that the course of conduct warrants its attribution to the Katy ISD Board of Trustees. *See*, *e.g.*, *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002) (eleven (11) instances of allegedly-illegal warrantless searches was insufficient as a matter of law to create liability for the City of Houston under § 1983.)

And the need for training must be obvious to the Katy ISD Board of Trustees; as the Fifth Circuit has noted, "[a]ctual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority" *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984); *see also Fennell*, 804 F.3d at 413 ("Thus, even assuming the alleged customs, policies, and failures to train existed among Marion ISD employees, there is no evidence that the Board knew of this behavior or condoned it.") (internal citations omitted). In other words, the pattern has to be significant enough to come to the attention of the school board, which then ignores the need for additional training, and that lack of training then causes the injury to the plaintiff.  Plaintiff here only points to his own situation; there are no facts alleged that any failure to train resulted in any other improper student discipline.  More importantly, the Plaintiff has alleged no facts that would suggest that a need for training was so obvious to the Katy ISD Board of Trustees that municipal liability can be attributed to the District.  As such, the Plaintiff's Section 1983 allegations against Katy ISD in his Petition are legally insufficient under the *Twombly-Iqbal* standard, and Plaintiff's Section 1983 claim against the District should be dismissed under Rule 12(b)(6).

**F.      "Spoliation" is not a valid civil cause of action under Texas law.**

Plaintiff appears to be asserting a distinct cause of action for "spoliation." (Petition, ¶¶ 40-42.)  However, the Texas Supreme Court recognized in *Trevino v. Ortega*, 969 S.W.2d 950 (Tex. 1998) that spoliation is an evidentiary theory, and not a separate or an independent cause of action. *Id*. at 951. As the Court noted:

> This traditional response to the problem of evidence spoliation properly frames the alleged wrong as an evidentiary concept, not a separate cause of action. Spoliation causes no injury independent from the cause of action in which it arises. If, in the ordinary course of affairs, an individual destroys his or her own papers or objects, there is no independent injury to third parties. The destruction only becomes relevant when someone believes that those destroyed items are instrumental to his or her success in a lawsuit.

---

*Id*. at 952. This Court recognized the same (with respect to Texas law) in *In re Enron Corp. Sec.,*
*Derivative & ERISA Litig*., 761 F. Supp. 2d 504, 568 n.60 (S.D. Tex. 2011) ("Texas does not
recognize spoliation as an independent tort cause of action.")(citing *Trevino*, 969 S.W.2d at 952–
53). *See also Eckhardt v. Qualitest Pharm. Inc*., 858 F. Supp. 2d 792, 802 (S.D. Tex. 2012), *aff'd*,
751 F.3d 674 (5th Cir. 2014) ("Even spoliation of evidence is not recognized as an independent
tort in Texas.")  Plaintiff's cause of action for spoliation must therefore be dismissed as a matter
of law.

## G.      The District is immune from Plaintiff's claim for "declaratory relief"

Plaintiff seeks "declaratory judgment that Defendants have failed to provide Plaintiff all of
his constitutional rights to due process and equal protection" (Petition, ¶ 44) – the same claims that
he also substantively asserts against the Defendants.   "The Act does not confer additional
substantive rights upon parties, nor does it confer additional jurisdiction on courts."  *Kadish v.*
*Pennington Assocs., L.P.*, 948 S.W.2d 301, 304 (Tex. App.--Houston [1ˢᵗ Dist.]  1995, no pet.)
Obviously, if Plaintiff cannot show substantively that his due process and equal protection rights
were violated, for the reasons stated above, then he is not entitled to a declaration to that effect,
either.

Moreover, "a declaratory judgment action is not appropriate where a plaintiff has a mature
and enforceable right that results in a judgment or decree, such that the declaration sought would
add nothing to the judgment."  *Trinity Universal Ins. Co. v. Sweatt*, 978 S.W.2d 267, 270 (Tex.
App.—Fort Worth 1998); *see also Texas Liquor Control Bd. v. Canyon Creek Land Corp.,* 456
S.W.2d 891, 895 (Tex. 1970) ("[a]n action for declaratory judgment will not be entertained if there
is pending, at the time it is filed, another action or proceeding between the same parties and in
which  may  be  adjudicated  the  issues  involved  in  the  declaratory  judgment  action."); *BHP*
*Petroleum Co. v. Millard,* 800 S.W.2d 838, 841 (Tex. 1990) ("The Declaratory Judgments Act is

'not available to settle disputes already pending before a court.'"). Plaintiff's declaratory judgment claims are mirror images of his substantive claims under the Texas Constitution, and as such should be dismissed.

Lastly, Plaintiff's declaratory judgment claim is barred by governmental immunity. As an independent school district, Katy ISD is an agency of the state that carries out only governmental functions, and, consequently, is entitled to governmental immunity. *See Galveston Indep. Sch. Dist. v. Clear Lake Rehab. Hosp., L.L.C.*, 324 S.W.3d 802, 808 (Tex. App.—Houston [14th Dist.] 2010, no pet.). "[S]overeign immunity bars UDJA actions against the state and its political subdivisions absent a legislative waiver." *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620 (Tex. 2011) (per curiam); *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 38–89 (Tex. 2011). The Legislature has not waived governmental immunity for declaratory judgment claims based on alleged violations of the Texas Constitution. *See Ahmed v. Tex. Tech Univ. Health Sci. Ct. Sch. of Med.*, 2013 WL 265076 (Tex. App.—Amarillo Jan. 23, 2013, no pet.) (dismissing UDJA claim in which professor sought declaration that university violated Texas Constitution); *see also Tex. Dep't of Pub. Safety v. Salazar*, 304 S.W.3d 896, 905 (Tex. App.—Austin 2009, no pet.) ("The UDJA is not a general waiver of sovereign immunity and does not enlarge a trial court's jurisdiction."). Accordingly, Plaintiff's claim for declaratory relief is plainly barred by governmental immunity.

## H. The Petition's breach of contract claims are barred by governmental immunity and do not state a plausible claim for relief.

Plaintiff claims that the Defendants have breached three contracts: (1) a September 28, 2020 letter to Plaintiff's father, signed by the superintendent (*see* Petition, ¶ 45; *see also* Dkt. 1-1, p. 28); (2) the Katy ISD "Discipline Management Plan and Student Code of Conduct 2020-2021" (Petition, ¶ 46); and a UIL form (the "PAPF" form) regarding Plaintiff's attempt to enroll in another Texas school district. (Petition, ¶ 47; *see also* Dkt. 1-1, pp. 29-30.) Plaintiff's breach of

contract claims, like the tort claims, are barred by the District's governmental immunity. In any event, the Petition does not plead facts that any enforceable contract exists between Plaintiff and the Katy ISD Defendants, or that the Defendants breached any such agreement.

### 1. Immunity bars all contract claims that are not based on a written agreement for the provision of goods or services to a governmental entity.

The Texas Legislature has waived immunity for breach of contract claims against governmental entities in very limited circumstances. Subchapter I of Chapter 271 of the Texas Local Government Code, "Adjudication of Claims Arising Under Written Contracts with Local Governmental Entities," states, "[a] local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract *subject to this subchapter* waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter." TEX. LOC. GOV'T CODE § 271.152 (emphasis added).  State law waives governmental entities' immunity only with respect to claims concerning a "contract subject to [Subchapter I of Chapter 271]," which is defined, in relevant part, as "a written contract stating the essential terms of the agreement *for providing goods or services <u>to</u> the local governmental entity* that is properly executed on behalf of the local governmental entity." TEX. LOC. GOV'T CODE § 271.151(2)(A) (emphasis added); *see also El Paso Educ. Initiative, Inc. v. Amex Properties, LLC*, 602 S.W.3d 521, 530-31 (Tex. 2020).

Accordingly, a governmental entity's immunity for breach of contract is only waived if the entity entered into (1) a written contract; (2) stating the essential terms of the agreement for providing goods or services to the entity; and (3) the contract was property executed on behalf of the entity. *See id.*; *see also San Antonio River Auth. v. Austin Bridge & Rd., L.P.*, 581 S.W.3d 245, 255 (Tex. App.—San Antonio 2017), *aff'd*, 601 S.W.3d 616 (Tex. 2020).  While the term "services" is broad enough to encompass a wide array of activities, the Texas Supreme Court has further pointed out that the services must be performed for the direct benefit of the local

government entity. *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 839 (Tex. 2010).  Contracts that confer some type of attenuated, indirect benefit on a governmental entity do not constitute a contract for "service" under the plain meaning of section 271.152's limitations. *San Antonio River Auth.*, 581 S.W.3d at 255.  Here, none of the three "contracts" identified by the Plaintiff are intended to provide any kind of good or services – or any benefit at all – to the District or to any KISD employees.  All three are unilateral documents, issued by the District, and not signed or approved in any way by the Plaintiff.  Governmental immunity, therefore, bars Plaintiff's breach of contract claims.

> **2.      There is no contractual relationship between Plaintiff, the District, or any of the Defendants.**

Even in the absence of governmental immunity, the Petition fails to state a plausible breach of contract claim against the District or any other Defendants.  To the Defendants' knowledge, no Texas state or federal court has ever recognized the existence of a contractual relationship between a public school and the students enrolled in the school, particularly with regards to documents like handbooks or codes of conduct.  The lack of authority recognizing such a contract is not surprising, because crucial elements necessary to establish the existence of a contract do not exist between a public school and its students or their parents. The basic elements of a lawful contract under Texas law include an offer, acceptance, meeting of the minds, and consideration. *See In re Capco Energy, Inc.*, 669 F.3d 274, 279–80 (5th Cir. 2012) (under Texas law, a binding contract requires an offer, acceptance in strict compliance with the offer's terms, a meeting of the minds, each party's consent to the terms, execution and delivery of the contract, and consideration). In particular, a contract must be based on valid consideration, or a bargained-for exchange of promises that consists of benefits and detriments to the contracting parties. *Smith v. Barnhart*, 576 S.W.3d 407, 420 (Tex. App.—Houston [1st Dist.] 2019, no pet.). To be legally binding, a contract must be "sufficiently definite in its terms so that a court can understand what the promisor undertook." *ARV Offshore*

*Co., Ltd. v. Con-Dive, L.L.C.*, 514 F. App'x 524, 525 (5th Cir. 2013) (per curiam) (quoting *T.O.*

*Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992)).

Here, the Petition does not plead any of the elements of a binding contract between Plaintiff

and the Katy ISD Defendants, particularly with respect to the Student Code of Conduct.  Most

notably, Plaintiff does not—and cannot—plead that he provided any consideration to the Katy ISD

Defendants.  While some cases have found consideration to exist between a student and a private

school to which the student pays tuition, this is not true with respect to a public school district:

> The majority of courts which have considered whether a student handbook can
> form the basis for an implied contract between a student and a public secondary or
> elementary school have found that such claims fail for lack of consideration, among
> other things. This is because compulsory attendance laws require the student's
> attendance, thereby creating a lack of consideration on the part of the student in
> exchange for any promises the school may have made in the student handbook.

*Sutherlin v. Indep. Sch. Dist. No. 40 of Nowata Cty., Okla.*, 960 F. Supp. 2d 1254, 1268 (N.D.

Okla. 2013) (collecting cases); *see also Brodeur v. Claremont Sch. Dist.*, 626 F. Supp. 2d 195, 217

(D. N.H. 2009) ("the weight of authority holds that no contract arises between a public secondary

or elementary school and its students as a result of its student handbook, reasoning that the law

of contracts—premised on the notion that voluntary agreements should be enforced according to

their terms—is an ill fit for the compulsory nature of public education.")  Several Texas courts

have likewise rejected the notion that handbooks or course catalogs at public universities can form

the basis of a breach of contract claim.  *See, e.g.*, *Eiland v. Wolf*, 764 S.W.2d 827, 838 (Tex.

App.—Houston [1st Dist.] 1989, writ denied) ("Education at a public university, on the other hand,

involves a benefit bestowed by the State upon its citizens. Thus, a contractual relationship need

not necessarily be logically inferred to exist between a student and a State-supported institution.")

(internal citation omitted); *Southwell v. Univ. of Incarnate Word*, 974 S.W.2d 351, 356 (Tex.

App.—San Antonio 1998, rev. denied) ("As the court noted in *Eiland,* a contractual relationship

need not necessarily be logically inferred to exist between a student and a public school because

education at such institutions is a benefit bestowed by the State.")

In addition, Texas courts have concluded that a handbook or catalog cannot serve as the

basis for a breach of contract claim, when the documents itself disavows that it is a contract.  As

the *Eiland* court noted:

> We need not decide whether, as a rule, the catalog of a state university constitutes
> a contract between the student and the school. Given the express disclaimers in the
> document alleged to be a contract here, it is clear that no enforceable "contract"
> existed in the present case. A basic requisite of a contract is an intent to be bound,
> and the catalog's express language negates, as a matter of law, an inference of such
> intent on the part of the university. Thus, the trial court erred in granting recovery
> for the breach of an alleged contract based upon the medical school catalog.

*Eiland*, 764 S.W.2d at 838; *see also Tobias v. Univ. of Texas at Arlington*, 824 S.W.2d 201, 211

(Tex. App.—Fort Worth 1991, writ denied) ("Since a basic requirement of a contract is the intent

to be bound, the catalog's express language negates, as a matter of law, the inference of any such

intent on the part of the University.") Like in *Eiland*, the 2020-2021 KISD Student Code of

Conduct at issue here disavows any notion that it is a contract:  "The contents of this handbook are

not contractual, and do not give rise to a claim of breach of contract against the school district."

(*See* Exhibit A, p. 76 (back cover)).[3]

Moreover, even if a contract existed between the parties, to succeed on a breach of contract

claim under Texas law, a plaintiff must demonstrate "1) the existence of a valid contract;

---

[3] Generally, in reviewing a Motion to Dismiss under Rule 12(b)(6), a court is limited to the four corners of the Complaint, plus any documents that the Plaintiff attaches to his Complaint – and the District concedes that the Plaintiff did not attach the Student Code of Conduct to his Petition (as he did the other two "contracts").   However, the Fifth Circuit has held that a defendant may attach documents to its Rule 12(b)(6) Motion to Dismiss "if they are referred to in the plaintiff's complaint and are central to her claim," *see Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000), without turning the 12(b)(6) motion into a motion for summary judgment. *See also Hicks v. Parker*, 349 Fed.Appx. 869 (5th Cir. 2009) ("[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim.") (quoting *Causey v. Sewell Cadillac-Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004)); *Walch v. Adjutant General's Dept. of Texas*, 533 F.3d 289, 294 (5th Cir. 2008).  Since Plaintiff alleges that the Katy ISD "Discipline Management Plan and Student Code of Conduct 2020-2021" is one of the three "contracts" that the Defendants have supposedly violated (see Petition, ¶ 46), the Code of Conduct is admissible as evidence on a Rule 12(b)(6) motion.

---

2) performance or tendered performance by the plaintiff; 3) breach of the contract by the defendant; and 4) damages to the plaintiff resulting from the breach." *Lewis v. Bank of Am. NA*, 343 F.3d 540, 545 (5th Cir. 2003). "A breach of contract . . . only occurs when a party fails or refuses to perform an act that it expressly promised to do." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014). Thus, "[t]o plead a breach of contract claim, a plaintiff must identify a specific provision of the contract that was allegedly breached." *Id.*  Plaintiff claims that the Defendants "breached" the identified contracts (particularly the September 28, 2020 letter and the PAPF form) by not allowing him to return to Katy High School when he moved back to the District in October 2020.  (*See* Petition, ¶ 45 ("…Defendants refused to abide by the terms of the September 28, 2020 and allow Plaintiff to return to his home campus, Katy High School."); at ¶ 47 ("If this were true, then KISD should have allowed Plaintiff to re-enroll at KISD and attend classes on campus at Katy High School.") But there is nothing in either the September 28, 2020 letter or the PAPF form that guarantees Plaintiff the right to return to Katy High School, so sending him to the DAEP did not "breach" either document.

Lastly, any "breach of contract" claims against any of the individual Defendants in their individual capacities must be dismissed.  "As a general rule, a suit for breach of contract may not be maintained against a person who is not a party to the contract…." *Mission Grove, L.P. v. Hall*, 503 S.W.3d 546, 551–52 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (quoting *Bernard Johnson, Inc. v. Cont'l Constructors, Inc.*, 630 S.W.2d 365, 369 (Tex.App.—Austin 1982, writ ref'd n.r.e.)).  Here, none of the individual Defendants "signed" or would otherwise appear to be parties to the Code of Conduct; none of them signed the PAPF form (it was actually signed by a completely different KISD employees (*see* Dkt. 1-1, p. 30)); and only Superintendent Gregorski signed the September 28, 2020 letter (*id.* at p. 28).  But the general rule is that a corporate officer's

signature on a contract, with or without a designation as to representative capacity, does not render the officer personally liable. *Neel v. Tenet HealthSystem Hosps. Dallas, Inc.*, 378 S.W.3d 597, 604–05 (Tex. App.—Dallas 2012, rev. denied); *see also Ward v. Prop. Tax Valuation, Inc.,* 847 S.W.2d 298, 300 (Tex.App.-Dallas 1992, writ denied); *Willis v. Donnelly,* 199 S.W.3d 262 (Tex. 2006). Because there is nothing in any of the "contracts" alleged to have been breached by the Katy ISD Defendants that would suggest that any of the named individual Defendants were intended to be parties to the contract in their individual (as opposed to representative) capacities, said claims must be dismissed.

## VI.   <u>SCHULTEA MOTION</u>

In the event that the Court does not dismiss any claims against the individual Katy ISD Defendants for the reasons stated above, the Katy ISD Defendants respectfully that the Court order the Plaintiff to file a reply under FED. R. CIV. P. 7(a) tailored to their assertion of the defense of qualified immunity, as authorized by *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995). Individual liability under § 1983 is predicated on the defendants' personal and direct participation in a constitutional or statutory deprivation. *Lopez v. Houston Indep. Sch. Dist*., 817 F.2d 351, 355 (5th Cir. 1987). In *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985), the Fifth Circuit held that in a § 1983 claim against an individual defendant, a plaintiff must file a detailed complaint alleging with particularity all material facts supporting the contention that the plea of immunity cannot be sustained. *Id*. at 1482. The claimant must state specific facts, not merely conclusory allegations. *Id*. at 1479. The qualified immunity doctrine allows individuals immunity from suit with the basic precept that "subjecting officials to trial concerning acts for which they are likely immune undercuts the protection from governmental disruption which official immunity is purported to afford." *Id*. at 1478. In *Schultea v. Wood*, the Fifth Circuit clarified its *Elliot* standard and ruled that "the court may, in its discretion, insist that a plaintiff file a reply [under FED. R. CIV. P. 7(a)]

tailored to an answer pleading the defense of qualified immunity....a district court's discretion not to do so is narrow indeed when greater detail might assist." *Schultea*, 47 F.3d at 1433-34; *see also Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). The *Elliot/Schultea* heightened pleading standard "requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Reyes*, 168 F.3d at 161. The district court need not allow discovery at this point unless the "plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." *Schultea*, 47 F.3d at 1434; *see also Reyes*, 168 F.3d at 161.

Although Plaintiff's Petition makes clear how and why he is mad at the District, it makes very few factual allegations against each of the individual Defendants, particularly Gaw, Meier, Tabor, and Fulgencio. Even with regards to Gregorski and Graham, Plaintiff fails to explain or allege how these Defendants personally and directly participated in the constitutional and/or statutory deprivations of which he complains. Because individual liability is predicated on individual acts, and because the Plaintiff has failed to specify how each of the individual Defendants has personally deprived him of his rights to due process and/or equal protection, it would be of great benefit to the Defendants as well as the Court if the Plaintiff was ordered, consistent with Rule 7(a) and the standards set forth in *Elliot* and *Schultea*, to file a reply i) separately outlining his causes of action against each individual Defendant and the factual basis for each such allegation; and ii) alleging with particularity all material facts supporting the contention that the plea of immunity of each specific individual Defendant cannot be sustained.

## VII.  <u>CONCLUSION AND PRAYER</u>

For the forgoing reasons, the Katy ISD Defendants request that this Court immediately dismiss all of Plaintiff's claims against them in their entirety, and grant them such remedies, both at law and in equity, to which they have shown themselves entitled.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By:  /s/ Christopher B. Gilbert
    Christopher B. Gilbert
    State Bar No. 00787535
    Southern District No. 17283
    Attorney-in-Charge

Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
Telephone:   (713) 554-6744
Fax:        (713) 583-7698
cgilbert@thompsonhorton.com

ATTORNEY FOR THE KATY ISD DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing pleading has been served on all counsel of record through the Court's electronic filing system, on March 17, 2021:

Keith S. Donati
DONATI BRASHEAR LAW FIRM
410 West Grand Parkway South, Suite 104
Katy, Texas 77494
***Attorney for the Plaintiff***

William K. Luyties
Paul J. Goldenberg
LORANCE THOMPSON
2900 North Loop West, Suite 500
Houston, Texas 77092-8826
***Attorneys for Defendant Armstrong Forensic Laboratory, Inc.***

 /s/ Christopher B. Gilbert
Christopher B. Gilbert